of William L. Robinson's three-fifths upon his death without children to survive him: Neave v. Jenkins, 2 Yeates, 414; Langley v. Heald, 7 W. & S. 96 ; Eby v. Eby, 5 Pa. 461 ; Rapp v. Rapp, 6 Pa. 45 ; Nicholson v. Bettle, 57 Pa. 385.

PER CURIAM, May 23, 1892:

These are appeals from the same decree. The questions involved have been so fully considered by the learned judge below and the auditor, that their discussion here is unnecessary.

The decree is affirmed, and the appeals dismissed, at the costs of the respective appellants.

## Deselms, Administrator, Appellant, v. B. & O. R. R. Co.

*Negligence—Railroad—Passenger.*

A passenger under the influence of liquor got out of a railroad car on a bridge at the end of a station platform, when the train had stopped at the station. The bridge was planked over and on the side on which the passenger got off, the side opposite the station platform, the space between the track on which the train was and the edge of the bridge was 14 feet. In this space was another track. The bridge had no railing and the passenger fell into the creek beneath and was so injured that he died. In a suit for damages commenced by his widow and prosecuted by her administrator after her death, a nonsuit was entered. *Held*, that this was not error.

Argued May 11, 1892. Appeal, No. 426, Jan. T., 1892, by plaintiff, Benjamin Deselms, administrator of Susan Pastoris, from judgment of C. P. Fayette Co., March T., 1889, No. 297, compulsory nonsuit. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Trespass for damages for death of Robert Pastoris, who was the husband of Susan Pastoris.

On the trial before EWING, J., the evidence was to the following effect: After midnight of Nov. 3, 1888, an excursion train of the defendant Co. reached Uniontown on its return from Connellsville. Robert Pastoris was a passenger on this train. The train was a long one, and when it stopped at the station in Uniontown the last car, in which was Robert Pastoris, stopped on a bridge just below the end of the station platform. The bridge was 34 feet wide and had 3 tracks on it. The train was on

the middle track.   Most of the passengers got out on the plat-form side of the train, but Robert Pastoris got off on the other side.   The space between the track on which the train was and the track on the side on which Robert Pastoris got off was 6 feet. The track on this side was 5 feet wide and the distance be-tween this track and the edge of the bridge was 3 feet.   There was no railing on the bridge, but it was all planked over.   Rob-ert Pastoris was found in the creek a few minutes after the train stopped.   He was considerably under the influence of liq-uor at the time the train stopped at the station.   He was very much injured by his fall and died the next day.

Plaintiff's counsel offered to prove that another person, after the time of this accident, in alighting from a train at the same station, fell off the side of the bridge on the opposite side from that where Pastoris fell over.   The bridge was in about the same condition on both sides.   This offer was overruled. [1]

At the conclusion of the evidence for the plaintiff, the court granted a nonsuit and afterwards refused to take it off. [2]

*Errors assigned* were (1) ruling on evidence as above; (2) re-fusal to take off nonsuit.

*Edward Campbell,* for appellant.—The question should have been admitted: Patterson's Railway Accident Law, 421; Pi-ollet v. Simmers, 106 Pa. 95; Dist. of Columbia v. Armes, 107 U. S. 519.

The case should have been submitted to the jury: Patter-son's Railway Accident Law, 267, 268, 270; Railroad v. Car-dow, 120 Pa. 559; Graham v. Penna. Co., 21 Atl. Rep. 151; Inland and Seaboard Coasting Co. v. Tolson, 139 U. S. 551.

*S. L. Mestrezat,* for appellee, submitted no paper book.

PER CURIAM, May 23, 1892:
Judgment affirmed.